## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. _____**

BRIAN GAVIRIA, an individual,

     Plaintiff,

vs.

FRANCISCO GUERRA, an employee of the
Miami-Dade Police Department, in his capacity
as an individual, JENNIFER ALVAREZ, an
employee of the Miami-Dade Police
Department, in her capacity as an individual,
CARLOS A. GIMENEZ, in his official
capacity as Mayor of Miami-Dade County,
Florida, MIAMI-DADE COUNTY, FLORIDA,
a subdivision of the State of Florida,

     Defendants.

_____/

## COMPLAINT

Plaintiff, BRIAN GAVIRIA ("GAVIRIA"), through his undersigned counsel, makes the

following allegations against Defendants, FRANCISCO GUERRA ("GUERRA") , an employee

of the Miami-Dade Police Department ("MDPD"), in his capacity as an individual, JENNIFER

ALVAREZ ("ALVAREZ"), an employee of the MDPD, in her capacity as an individual,

CARLOS A. GIMENEZ ("GIMENEZ"), in his official capacity as Mayor of Miami-Dade County,

Florida, and MIAMI-DADE COUNTY, FLORIDA ("MIAMI-DADE"), a subdivision of the State

of Florida:

## INTRODUCTION

This civil action arises from an incident that occurred during the early morning hours of April 21, 2016, when GAVIRIA was accosted and wrongfully arrested in his own home. Defendants, GUERRA and ALVAREZ, used unreasonable and excessive force in effecting the false arrest after entering GAVIRIA's home, illegally, under the guise of a noise complaint investigation.

GAVIRIA now brings federal constitutional claims and state tort claims for the deprivation of his protected rights by the Defendants, operating under the color of state law.

## PARTIES

1.      Plaintiff GAVIRIA is, at all times material, is a citizen of the United States, a resident of Miami-Dade County, Florida and is *sui juris*.

2.      Defendant GUERRA, upon information and belief, is at all times material a resident of Miami-Dade County, Florida, an employee of the MDPD, and is *sui juris*.

3.      Defendant ALVAREZ, upon information and belief, is at all times material a resident of Miami-Dade County, Florida, an employee of the MDPD, and is *sui juris*.

4.      Defendants were at all times material hereto, "state actors" as defined in 42 U.S.C. § 1983.

5.      Defendants GUERRA and ALVAREZ shall be referred to collectively as the "Individual Defendants."

6.      Defendant MIAMI DADE COUNTY, FLORIDA (hereinafter "Defendant County") is a legal subdivision of the State of Florida and is the legal entity responsible for itself. This Defendant is also the employer of the Individual Defendants and is the proper entity to be sued under 42 U.S.C. § 1983.

-2-

7.     Defendant CARLOS A. GIMINEZ (hereinafter "GIMINEZ"), is the Mayor of Miami-Dade County, Florida.  Defendant CARLOS A. GIMINEZ, is sued in his official capacity as the Mayor of Miami-Dade County, Florida, employed by Defendant MIAMI-DADE COUNTY and was acting under color of state law.

8.     As the Mayor of Miami-Dade County, Florida, Defendant GIMINEZ both exercised and delegated his municipal final decision making power to the Director of MDPD and others.  Upon information and belief, he also trained and supervised the Individual Defendants.

9.     Defendant County and GIMINEZ are properly sued directly under 42 U.S.C. §1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complaint of constitutional and statutory violations and resulting injuries.

10.    The Defendant County is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant GIMINEZ in his official capacity as the Mayor of Miami-Dade County, Florida, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

## JURISDICTION AND VENUE

11.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

12.    Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

13.     All conditions precedent to the maintenance of this action, including those set forth in Section 768.28, Florida Statutes have been performed, have occurred prior to the institution of this action, or have been waived.

14.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as all Defendants work and/or reside within this Court's jurisdiction and all of the acts or omissions giving rise to the instant claim occurred within Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

15.     In the early morning hours of April 21, 2016, GUERRA and ALVAREZ, during the course and within the scope of their employment with the MDPD, arrived at GAVIRIA's home, purportedly, to investigate a noise complaint.

16.     GAVIRIA, and his brother, greeted GUERRA and ALVAREZ at the front door of GAVIRIA's home.

17.     GAVIRIA questioned GUERRA and ALVAREZ as to their purpose at his home, which led to a heated exchange of words between GAVIRIA and GUERRA.

18.     At some point during said exchange, GUERRA and ALVAREZ entered the home leading GAVIRIA, fearful for his safety, to begin a video recording of the encounter.

19.     Neither GUERRA nor ALVAREZ had a warrant authorizing entry of GAVIRIA'S home.

20.     Additionally, GAVIRIA never granted GUERRA or ALVAREZ consent to enter his home.

21.     GAVIRIA, upset by what he, rightly, believed to be an unlawful entry of his home, continued to question GUERRA and ALVAREZ as to their purpose and authority for entry.

22.     GUERRA responded by stating that he did not need a "judicial order" to enter GAVIRIA'S home and instructed GAVIRIA to produce some identification.

23.     Shortly thereafter, without provocation or threat of harm by GAVIRIA or his brother, GUERRA shot GAVIRIA with a Taser.

24.     Both GUERRA and ALVAREZ then used undue physical force to restrain and handcuff GAVIRIA.

25.     Once questioned regarding the incident, the Individual Defendants failed to properly failed to properly account for the factual details of the incident, colluded together in the creation of their own version of events and destroyed physical evidence of the interaction between GAVIRIA and the Individual Defendants, all in an attempt to divert from liability for and cover up their viciously brutal attack of a defenseless individual.

26.     All of the above-described acts were done by the Individual Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for GAVIRIA's federally protected rights and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant County and Defendant GIMINEZ acting under color of state law.

27.     With deliberate indifference to the rights of citizens to be free from excessive force by law enforcement, the Defendant County and Defendant GIMINEZ have ongoingly encouraged, tolerated, ratified and acquiesced to a dangerous environment of police brutality by:

        a.  Failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

        b.  By failing to adequately punish unconstitutional uses of force;

        c.  By tolerating the use of unconstitutional force;

      d.  By ongoingly failing to properly or neutrally investigate citizen complaints of excessive force; and,

      e.  By tolerating, encouraging and permitting collusive statements by involved officers in such situations.

28.    It is a longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant County, Defendant GIMINEZ and the MDPD to permit officers to use excessive force against individuals when such use in unnecessary and unjustified, as well as to fail to supervise and to train officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significate risk of injury to the public.

29.    Upon information and belief, because of this utter failure of supervision and oversight, other members of the public have been hurt by at least some of the same officers who have been the subject of citizen complaints both prior to April 21, 2016 and thereafter.

30.    As a direct and proximate result of the acts and omissions of the Defendants, Plaintiffs were injured and damaged.

31.    The injuries, damages, and relief which GAVIRIA seek from the Defendants, jointly and severally, under both state and federal law, include, but are not limited to:

      a.  Damages for physical pain and suffering in the past and future;

      b.  Damages for emotional pain and suffering in the past and future;

      c.  Damages for medical expenses in the past and future;

      d.  Aggravation of a preexisting condition;

      e.  Damages for loss of enjoyment of life in the past and future;

      f.  Damages for lost wages in the past;

g.  Scars and disfigurement;

h.  Damages for the loss of earning capacity;

i.  Punitive damages;

j.  Pre and post judgment interest;

k.  Attorney's fees; and

l.  All such other relief, both general and specific, that this Court deems just and appropriate.

### COUNT I – EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS – DUE PROCESS (42 U.S.C. § 1983) AGAINST DEFENDANTS GUERRA AND ALVAREZ

32.  Plaintiff GAVIRIA re-alleges, adopts, and incorporates the allegations contained in paragraphs one (1) – thirty-one (31) as if fully set forth herein.

33.  42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

34.  In committing the acts complained of herein, the Defendants acted jointly and under color of state law to deprive Plaintiff GAVIRIA of his clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution including, but not limited to:

a.  Freedom from unreasonable seizure;

b.  The right to be free from unreasonable searches;

c.  Freedom from the use of unreasonable, unjustified and excessive force;

d.  Freedom from deprivation of liberty and property without due process of law;

e.   Freedom from summary punishment;

f.   Freedom from the prevention of officers from using excessive force; and

g.   Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

35.   In violating Plaintiff GAVIRIA's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and utilized unnecessary, unjustified, unreasonable and excessive force.

36.   The Individual Defendants' actions were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

37.   Further, the acts or conduct committed by the Individual Defendants against GAVIRIA occurred in the presence of each other and the Individual Defendants further violated GAVIRIA's constitutional rights by failing to intervene and prevent the violation of GAVIRIA's constitutional rights by fellow officers.

38.   All Individual Defendants knowingly and deliberately conspired to deprive GAVIRIA of his civil rights.

39.   The Individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of GAVIRI's federally protected constitutional rights.

40.   They did so with shocking and willful indifference to GAVIRIA's rights and the conscious awareness that they would cause GAVIRIA severe physical and emotional injuries.

41.   The acts or omissions of the Individual Defendants were moving forces behind GAVIRIA's injuries.

42.   The acts or omissions of the Individual Defendants as described herein intentionally

deprived Plaintiff of his constitutional rights and caused him other damages.

43.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

44.     The Defendants to this claim at all times material hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to GAVIRIA.

45.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, GAVIRIA suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

46.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

47.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE Plaintiff demands judgment for damages recoverable under the law.

**COUNT II – DELIBERATELY INDIFFERENT POLICIES, PRACTICES, CUSTOMS, TRAINING, AND SUPERVISION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND IN VIOLATION OF 42 U.S.C. § 1981 (42 U.S.C. § 1983) AGAINST DEFENDANTS GIMENEZ AND MIAMI-DADE**

48.     Plaintiff GAVIRIA re-alleges, adopts, and incorporates the allegations contained in paragraphs one (1) – thirty-one (31) as if fully set forth herein.

49.     42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction

thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

50.     The Defendants to this claim at all times material hereto were acting under the color of state law.

51.     Plaintiff GAVIRIA had the following clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution at the time of the complaint conduct, including, but not limited to:

      a.     Freedom from unreasonable seizure;

      b.     The right to be free from unreasonable searches;

      c.     Freedom from the use of unreasonable, unjustified and excessive force;

      d.     Freedom from deprivation of liberty and property without due process of law;

      e.     Freedom from summary punishment;

      f.     Freedom from the prevention of officers from using excessive force; and

      g.     Freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

52.     Defendants GIMENEZ and MIAMI-DADE knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

53.     The acts or omissions of these Defendants, as described herein, deprived GAVIRIA of his constitutional and statutory rights and caused him other damages.

54.     The acts or omissions of the Individual Defendants as described herein, intentionally deprived GAVIRIA of his constitutional and statutory rights and caused him other damages.

55.     These Defendants are not entitled to qualified immunity for the complained of

conduct.

56.     Defendant County, Defendants GIMENEZ and MIAMI-DADE were, at all times material hereto, policymakers for MDPD, and in that capacity established policies, procedures, customs, and/or practices for the same.

57.     These Defendants developed and maintained policies, procedures, customs and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of GAVIRIA's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

58.     Defendants GIMENEZ and MIAMI-DADE have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its deputies in a manner amounting to deliberate indifference to the constitutional rights of GAVIRIA and of the public.

59.     In light of the duties and responsibilities of those employees that participate in arrests, detention and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights, such as those described herein, that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

60.     The deliberately indifferent training and supervision provided by Defendants GIMENEZ and MIAMI-DADE resulted from a conscious or deliberate choice to follow a course of action, from various alternatives available to Defendants GIMENEZ and MIAMI-DADE, and

were moving forces in the constitutional and federal violation injuries complained of by GAVIRIA.

61.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, GAVIRIA suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

62.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

63.     In additional to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE Plaintiff demands judgment for all damages recoverable under the law.

## COUNT III – NEGLIGENCE AGAINST DEFENDANT GIMENENZ, AS MAYOR OF MIAMI-DADE COUNTY, FLORIDA

64.     Plaintiff re-alleges, adopts, and incorporates the allegations contained in paragraphs one (1) through forty-seven (47).

65.     At all times material hereto, MDPD was a law enforcement agency.

66.     At all times material hereto, the Individual Defendants were officers, employees or agents of MDPD and acted within the course and scope of their respective employment or agency.

67.     Defendant GIMENEZ, in his Official Capacity as Mayor of Miami-Dade County, Florida, is responsible for the actions of his employees acting within the course and scope of their employment.

68.     It was the duty of the Individual Defendants to provide GAVIRIA with reasonable care under the circumstances.

69.     On or about April 21, 2016, Defendant GIMENEZ and/or his agents, servants, and/or employees breached their duty to provide GAVIRIA with reasonable care under the circumstances.

70.     GAVIRIA was injured due to the fault and/or negligence of Defendant GIMENEZ and/or his agents, servants and/or employees for acts and/or omissions that include, but are not limited to, the following:

    a.  Failure to use appropriate force with an arrestee; and/or

    b.  Failure to properly supervise and oversee the officers interacting with the arrestee; and/or

    c.  Failure to promulgate, enforce and/or comply with adequate policies and procedures for the proper reporting of instances of excessive force; and/or

    d.  Failure to promulgate, enforce and/or comply with adequate policies and procedures for the intervention by fellow officers when an officer is using excessive force with an arrestee; and/or

    e.  Failure to properly train officers to know what is appropriate force to be used when handling an arrestee; and/or

    f.  Failure to properly train officers on identifying needs for intervention when an officer is using excessive force with an arrestee; and/or

    g.  Failure to promulgate, enforce and/or comply with adequate policies and procedures to ensure that appropriate force is used on arrestees; and/or

    h.  Failure to promulgate, enforce and/or comply with rules, regulations, policies and practices concerning the safety of arrestees while in custody.

All of which caused GAVIRIA to suffer severe and permanent injuries when he was shot

with a Taser and forcibly placed in handcuffs.

71.     As a direct and proximate result of the negligence of Defendant GIMENEZ, GAVIRIA was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income lost in the past, and his working ability and earning capacity in the future has been impaired.

72.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

WHEREFORE Plaintiff demands judgment for damages recoverable under the law.

## COUNT IV – UNLAWFUL ENTRY/SEARCH IN VIOLATION OF THE FOURTH AMENDMENT AND 42 U.S.C. § 1983 AGAINST DEFENDANTS GUERRA AND ALVAREZ

73.     Plaintiff GAVIRIA re-alleges, adopts, and incorporates the allegations contained in paragraphs one (1) – forty-seven (47) as if fully set forth herein.

74.     42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

75.     The Defendants to this claim at all times material hereto were acting under the color of state law.

76.     GAVIRIA had the right to be free from unlawful entries and/or searches of his home pursuant to the Fourth Amendment.

77.     Defendants GUERRA and Defendant ALVAREZ knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

78.     In entering GAVIRIA's home without his consent, a warrant, or under any circumstances constituting a recognized exception to the protections provided by the Fourth Amendment, GUERRA and ALVAREZ violated GAVIRIA's constitutionally protected rights.

79.     As a direct and proximate result of the violation of his constitutional rights by the Defendants, GAVIRIA suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. § 1983.

80.     The injuries and damages are permanent in nature, and the Plaintiff will suffer the losses and impairments in the future.

81.     In additional to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**COUNT V – FALSE ARREST/FALSE IMPRISONMENT IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS – DUE PROCESS (42 U.S.C. § 1983) AGAINST DEFENDANTS GUERRA AND ALVAREZ**

82.     Plaintiff GAVIRIA re-alleges, adopts, and incorporates the allegations contained in paragraphs one (1) – forty-seven (47) as if fully set forth herein.

83.     As set forth above, through his direct actions, Defendants GUERRA and ALVAREZ personally participated in and caused the false arrest and false imprisonment of Plaintiff.

84.     In an effort to cover up their illegal use of force, unlawful detention, improper handling of the incident involving a non-threatening individual, and overall gross negligence, Defendants GUERRA and ALVAREZ, with the assistance of other MDPD employees, exaggerated the facts of the incident that occurred on April 21, 2016.

85.     In as much as Defendants GUERRA and ALVAREZ knew or should have known that Plaintiff was entitled to reasonable care, GUERRA's actions when arresting GAVIRIA, in the absence of probable cause or arguable probable cause, were taken without lawful authority. Therefore, said actions constitute the false arrest and false imprisonment of Plaintiff.

86.     As a further direct and proximate result of Defendant GUERRA's conduct, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care.  These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of his civil rights.

WHEREFORE Plaintiff demands judgment for damages recoverable under the law.

## COUNT VI – MALICIOUS PROSECUTION AGAINST DEFENDANTS GUERRA AND ALVAREZ

87.     Plaintiff GAVIRIA re-alleges, adopts, and incorporates the allegations contained in paragraphs one (1) – forty-seven (47) as if fully set forth herein.

88.     Defendants GUERRA and ALVAREZ wrongfully caused criminal proceedings to be instituted against GAVIRIA with malice and absence of probable cause, or arguable probable cause, by submitting police reports to prosecuting authorities containing false statements and/or material omissions, which reports were relied upon by prosecuting authorities.

89.     Based on the elaborate story Defendants GUERRA and ALVAREZ fabricated, the State Attorney's Office brought four (4) criminal charges against Plaintiff, namely two counts of Battery on a Law Enforcement Officer and two counts of Resisting Officer with Violence.  Plaintiff

was acquitted of both charges of battery and one charge of resisting at jury trial.  No action was taken on the final charge of resisting.

90.     As a further direct and proximate result of the conduct of Defendants GUERRA and ALVAREZ, GAVIRIA suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, mental anguish, and medical expenses for treatment and care.  These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future, in violation of his civil rights.

WHEREFORE Plaintiff demands judgment for damages recoverable under the law.

**COUNT VII – BATTERY AGAINST DEFENDANTS GUERRA AND ALVAREZ**

91.     Plaintiff GAVIRIA re-alleges, adopts, and incorporates the allegations contained in paragraphs one (1) – forty-seven (47) as if fully set forth herein.

92.     On or about April 21, 2016, Defendants GUERRA and ALVAREZ intentionally and recklessly did acts which resulted in offensive contact with GAVIRIA's person, including but not limited to: shooting GAVIRIA with a Taser gun, striking him in various parts of body; and forcefully and excessively attempted to restrain his body.

93.     Defendants GUERRA and ALVAREZ did such acts with the intent to cause harmful and offensive contact with the body of GAVIRIA.

94.     As a direct, legal and proximate result of such acts of Defendants GUERRA and ALVAREZ, GAVIRIA was injured about his body and extremities, suffered physical pain and suffering, mental anguish, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical

expenses in the care and treatment of his injuries, suffered physical handicap, lost wages, income

lost in the past, and his working ability and earning capacity in the future has been impaired.

　　　95.　　The injuries and damages are permanent in nature, and the Plaintiff will suffer the

losses and impairments in the future.

　　　**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law

and demand trial by jury.

　　　Dated this 21st day of September, 2017

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　FISCHER REDAVID, PLLC
　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*
　　　　　　　　　　　　　　　　　2888 East Oakland Park Blvd.
　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33306
　　　　　　　　　　　　　　　　　Telephone: (954) 860-8434
　　　　　　　　　　　　　　　　　Facsimile: (954) 860-8584

　　　　　　　　　　　　　　By:　*/s/ John P. Fischer*
　　　　　　　　　　　　　　　　　JOHN P. FISCHER, ESQ.
　　　　　　　　　　　　　　　　　Florida Bar No: 99751
　　　　　　　　　　　　　　　　　JORDAN REDAVID, ESQ.
　　　　　　　　　　　　　　　　　Florida Bar No: 109227
　　　　　　　　　　　　　　　　　service@frtriallawyers.com